## Lewis A. Conwell
### v.
## John B. Inderrieden.

*Sales—Evidence—Weight of—Practice—Judgment.*

1. In the examination of alleged errors in findings by trial courts, courts of review will be bound thereby unless it can be seen that the same are manifestly against the weight of the evidence.

2. Where no question of law intervenes, the finding of a judge in a trial at law, where the evidence is conflicting, stands just as a verdict of a jury where there have been correct instructions.

3. This court does not fail to examine the evidence in records in cases of this character.

[Opinion filed March 10, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. Rich & Stone and W. J. Durham, for appellant.

Messrs. Peckham & Brown, for appellee.

*Per Curiam.* This action was brought to recover for certain canned pumpkin known as "Wyoming Pumpkin." The case was tried by the court without a jury, and as the court

held all the propositions of law requested by appellant, the question presented here is purely one of fact.

There is a conflict of evidence between appellant and appellee as to what occurred when a sample can of the goods in controversy was exhibited to defendant and also conflict as to whether one Steimer, in directing the goods to be shipped from Philadelphia to appellee at Chicago, was acting as the agent of appellant or of appellee; and there is a conflict of evidence as to the quality and value of the goods shipped. Appellant strenuously argues that on all these issues the preponderance of the evidence is with him, and that the court below found the facts incorrectly.

The invariable rule which controls courts of review in examination of alleged errors in findings by the trial court is, that the finding by the trial judge is conclusive unless it can be seen that it is manifestly against the weight of evidence. Where no question of law intervenes, the finding of a judge in a trial at law where the evidence is conflicting, stands just as a verdict of a jury where there have been correct instructions. Now, if this case had been tried by a jury, and counsel could find no fault with the instructions given by the court, they would hardly argue that the verdict was not supported by the evidence. When we say that we are bound by the finding of the trial court where the evidence is conflicting, and the evidence does not clearly preponderate against the finding, it must not be understood that we do not examine the evidence contained in the record with care. We have carefully read and considered the evidence in this case, and so far from reaching the conclusion pressed upon us by counsel, that the court found contrary to the facts, we are led to the opinion, the finding of the court upon all the issues of fact is in accordance with the evidence, and fairly and fully supported by it.

Without, then, in this case, applying the rule as to the presumptions in favor of the finding of the trial court, but upon our own conclusions on the evidence, we are compelled to affirm the judgment.

*Judgment affirmed.*